# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>**GIFTY SAMUELS,**<br><hr>         **Debtor**<br><br>**GIFTY SAMUELS,**<br><br>         **Plaintiff**<br><br>v.<br><br>**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE,**<br>**ARGENT MORTGAGE COMPANY LLC,**<br>**et al.,**<br><br>         **Defendants** | **Chapter 11**<br>**Case No. 06-11656-FJB**<br><br><br><br><br><br>**Adversary Proceeding**<br>**No. 09-1023** |

**MEMORANDUM OF DECISION ON**
**MOTION OF DEUTSCHE BANK AND ARGENT TO DISMISS ADVERSARY COMPLAINT**

By the motion before the Court, Deutsche Bank National Trust Company, as trustee under a pooling and servicing agreement of a certain mortgage investment trust ("Deutsche Bank"), and Argent Mortgage Company LLC ("Argent") seek dismissal of the claims of debtor Gifty Samuels ("Samuels") against them in this adversary proceeding on the basis that they are barred by the doctrines of res judicata and law of the case and fail to state a claim on which relief can be granted. For the reasons set forth below, the court will grant the motion as to all demands for relief except the count against Argent under Massachusetts G.L. c. 93A for filing false claims.

**FACTS AND PROCEDURAL HISTORY**

Samuels filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 1, 2006, thereby commencing this bankruptcy case. Upon discovery that her debt exceeded the eligibility limits for Chapter 13, she moved to convert her case to one under Chapter 11, and the

Court granted that motion on August 10, 2006. On February 18, 2010, the Court converted her case to one under Chapter 7.

AMC Mortgage Services, Inc., as loan servicer for Argent, filed a proof of a claim in the case on June 23, 2006 for $292,206.37, and an amended proof of claim on September 18, 2006 for $294,466.50.[1] Both indicated that the claim in question was secured, but neither included an attached promissory note or mortgage or identified the property securing the debt. The property securing this debt was certain real property owned by Samuels and located at 316B Essex Street, Lynn, Massachusetts.

On February 1, 2008, in an omnibus objection to claims, Samuels objected to the amended claim of AMC Mortgage Services (Claim No. 3-2), stating that "[t]his claim alleges a security interest but fails to identify the property securing the claim or to attach a copy of any documentation in support of the claim." [Doc. #267] Citi Residential Lending filed a response to the objection [Doc. #294] that identified the property in question as the real property at 316B Essex Street, Lynn, Massachusetts, and included as attachments the relevant promissory note and mortgage. Just prior to the preliminary hearing on the objection, Samuels filed a report and hearing agenda that, with respect to this claim, stated:

> A response was filed by Citi Residential Lending, Inc. regarding this claim []. The response includes a copy of the Note and Mortgage, as requested in the objection, but fails to demonstrate that AMC or Citi Residential is the actual holder of the note and mortgage, such as by attaching a copy of an assignment(s). The response also fails to provide a complete Loan History or to provide an affidavit of the keeper of records regarding the amount owed as of the date of the response.

Samuels thus essentially retracted her original grounds for objecting—failure to identify the property and lack of supporting documentation—and raised new grounds: lack of evidence that AMC or Citi Residential was the actual holder of the promissory note and mortgage. The court

---

[1] The original proof of claim appears on the claims register as number 3-1, the amended as 3-2.

2

held a preliminary hearing on the objection as so amended on April 15, 2008 and a continued hearing on June 20, 2008. The court then issued a procedural order requiring (i) that the claimant file documentation establishing true ownership of the note and mortgage that form the basis for its claim and then (ii) that the Debtor file a response indicating whether it accepts the evidence as establishing the validity of the claim, including (in the event of rejection) an explanation as to why.

The documentation required by the first prong of this order was filed by Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W3 ("Deutsche Bank"). In the response to which the documentation was attached [Doc. # 363],[2] Deutsche Bank claimed to be the present holder of the mortgage at issue. Samuels filed a response indicating that she did not accept the documents adduced as evidence establishing the validity of the lien. [Doc. # 366]

On August 19, 2008, Citi Residential, as loan servicer and attorney-in-fact for Deutsche Bank, then moved to amend proof of claim No. 3, stating that AMC Mortgage Services, Inc. had incorrectly named Argent as the creditor in that proof of claim. [Doc. #377] Citi Residential said in the motion that in fact the loan is held by Deutsche Bank, and therefore that the proof of claim should name Deutsche Bank as the creditor. The motion further stated that effective October 1, 2007, Citi Residential had replaced AMC Mortgage Services, Inc. as servicer of the loan. On October 21, 2008, and over Samuels' objection, the court granted this motion. Accordingly, on October 24, 2008, Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W3, filed proof of claim No. 14-2, complete with supporting documents, as an amendment to claim No. 3-2.

On September 29, 2008, while the motion to amend proof of claim was pending, and

---

[2] Deutsche Bank also filed a Supplemental Response [Doc. #364].

3

pursuant to FED. R. BANKR. P. 3001(e)(2), Citi Residential filed evidence—essentially a notice—of transfer of claim No. 3 (as amended) other than for security [Doc. # 396].  The notice indicates that Claim No. 3 was transferred from AMC Mortgage Services, Inc., as loan servicer for Argent, to Citi Residential, as loan servicer and attorney in fact for Deutsche Bank.  The clerk promptly then notified AMC Mortgage Services, Inc. of the evidence of transfer and established a deadline for the alleged transferor to object, failing which the transferee would be substituted for the original claimant without further order of the court.  AMC Mortgage Services, Inc. filed no objection, and the time to object has long since passed.

On December 11, 2008, Deutsche Bank then filed a Motion for Summary Judgment as to Claim No. 14 [Doc. #415].[3]  Deutsche Bank construed Samuels' objection to Claim No. 3 as in fact an objection to Claim No. 14 (because Claim No. 14 was an amendment to Claim No. 3) and, by its motion for summary judgment, sought an order overruling the objection and allowing Claim No. 14.  Samuels filed an opposition to the motion.  On July 6, 2009, the court, construing the objection as one to Claim No. 14 of Deutsche Bank, entered an order allowing the motion and overruling Samuels' objection to Claim No.14.  In a memorandum of decision entered in support of the order, the Court made (among others) the following findings and rulings:

- By virtue of the possession of Deutsche Bank, as Trustee, of a note indorsed in blank, it was the holder of the Note and had standing to seek payment thereof;

- By its ratification through a 2008 limited power of attorney of actions undertaken before it was issued, Argent remedied any lack of authority that may have existed when Citi executed the Confirmatory Assignment of Mortgage;

- A failure to follow the protocol of a certain Pooling and Servicing Agreement concerning the "funneling" of mortgage loans acquired thereunder—*i.e.*, directly assigning the mortgage from the loan originator to the pool trustee, without assignment to the depositor—did not render the assignment directly from Argent to Deutsche Bank, as Trustee, invalid;

---

[3] A motion for summary judgment may appropriately be filed as to an objection to claim. An objection to claim is a contested matter.  Pursuant to FED. R. BANKR. P. 9014(c), Rule 7056 of the Federal Rules of Bankruptcy Procedure applies to contested matters.   Rule 7056 in turn makes FED. R.  CIV. P. 56 applicable.

- As a matter of law, a post-petition assignment of a mortgage and related note from one holder to another is not a transfer of property of the estate, and thus, does not violate 11 U.S.C. § 549 or the automatic stay of 11 U.S.C. § 362, and consequently is not void as a violation of § 362(a) or subject to avoidance under § 549(a); and

- Deutsche Bank, as Trustee, established that it possesses the Note and owns the Mortgage forming the basis of Claim No. 14.

Samuels took no appeal from this order but on September 15, 2009, filed a motion for reconsideration on the basis that the court "had misunderstood or misapplied the relevant facts and law." The court promptly denied reconsideration, stating: "Cause for reconsideration under 11 U.S.C. § 502(j) does not include disagreement with the court about the disposition of the motion. Nor does it include a desire to advance arguments that could and should have been made when the matter was first before the court." Samuels then timely appealed to the United States District Court from the order denying reconsideration. On December 21, 2009, the District Court (Zobel, J.) dismissed the appeal. Samuels further appealed to the Court of Appeals, which, on May 24, 2010, affirmed the order denying reconsideration. Samuels has made no demand for further review, but the court has not yet issued a mandate.

On January 20, 2009, while her objection to claim remained pending, Samuels commenced the present adversary proceeding against, among others, Deutsche Bank and Argent. As against Deutsche Bank, the complaint seeks the following relief: (i) disallowance of its claim and a declaration pursuant to 11 U.S.C. § 506(d) that the mortgage lien claimed by Deutsche Bank is void; (ii) a determination that the prepetition assignment "in blank" of the mortgage to Deutsche Bank is invalid; (iii) if the prepetition assignment "in blank" is valid, an order avoiding it pursuant to 11 U.S.C. § 544 because it was unperfected as of the petition date; (iv) avoidance of the postpetition assignment pursuant to 11 U.S.C. § 549 (permitting a bankruptcy trustee to avoid unauthorized postpetition transfers of property of the bankruptcy estate); (v) damages for violations of the automatic stay; and (vi) treble damages, attorney fees, and costs pursuant to Massachusetts G.L. c. 93A. As against Argent, the complaint demands

5

(i) disallowance of Argent's claim and a declaration pursuant to 11 U.S.C. § 506(d) that the mortgage lien claimed by Argent is void; and (ii) treble damages, attorney fees, and costs pursuant to Massachusetts G.L. c. 93A.  Despite the significant and undisputed overlap between these demands and those adjudicated by the order granting summary judgment on the Samuel's objection to Deutsche Bank's claim, Samuels has not withdrawn any portion of these demands.

As was recited above, after this complaint was filed, the court converted this case to one under chapter 7.  Consequently, Samuels is no longer a debtor in possession.  On March 10, 2010, the chapter 7 trustee filed a notice abandonment as to the real property encumbered by Deutsche Bank's mortgage, the claims asserted by Samuels in this adversary proceeding, and any rights she may have in the pending appeal from the order denying reconsideration.  No objection having been filed to the proposed abandonment, the assets in question are deemed abandoned by operation of law to the debtor and are no longer assets of the bankruptcy estate.  See 11 U.S.C. § 554(a) and FED. R. BANKR. P. 6007(a).  Samuels has received a discharge, and the chapter 7 trustee has filed a report of no distribution.

On July 27, 2009, Deutsche Bank and Argent jointly filed the present motion to dismiss.  By this motion, Deutsche Bank and Argent first seek dismissal on the basis of res judicata of the claims for relief against them on the basis that they were resolved by the order granting summary judgment on Samuel's objection to the claim of Deutsche Bank.  In the alternative, Deutsche Bank and Argent argue that, with respect to the demands for relief based on (i) alleged defects in the chain of title, (ii) avoidability of the assignment of the note and mortgage to Deutsche Bank under 11 U.S.C. §§ 544 and 549, and (iii) violations of Massachusetts G.L. c. 93A, the complaint fails to state a claim on which relief can be granted.  The motion also seeks a determination that demands in the complaint to determine the validity of Argent's interests in two mortgage claims are moot, as Argent no longer holds or asserts an interest in the mortgages in question.

6

Samuels has filed no opposition to the substance of the motion. However, in response to a later motion in which Deutsche Bank and Argent moved for entry of a proposed order on this motion to dismiss, she responded by stating that she had filed an appeal from the order granting summary judgment on her objection to the claim of Deutsche Bank, and that the pendency of that appeal deprives this court of subject matter jurisdiction over any arguments advanced in the present motion to give preclusive effect to the summary judgment order in this adversary proceeding.

**DISCUSSION**

  a.  **Subject Matter Jurisdiction**

As a preliminary matter, the Court rejects Samuels' contention that, by virtue of her still-pending appeal,[4] the court lacks subject matter jurisdiction over the present motion. Samuels' argument is based on her contention that an appeal is pending from the order granting summary judgment. This is false. She filed no appeal at any time from the order granting summary judgment, only an appeal from the order denying reconsideration. Nor is her appeal from the denial of reconsideration in effect an appeal from the matter for which reconsideration is sought.[5] Therefore, the factual predicate of the debtor's position is unfounded.[6] The court is satisfied that it has subject matter jurisdiction.[7]

---

  [4] The appeal has been decided by the Court of Appeals, but no mandate has yet issued.

  [5] This is consistent with the position of the Court of Appeals. In rejecting the debtor's appeal, the Court of Appeals stated: "While the appellant attempts to argue the merits of the bankruptcy court's 7/6/09 summary judgment order, we lack jurisdiction over the summary judgment order because the appellant took no appeal from that order within ten days and filed no motion within ten days that would have extended the appeal period."

  [6] The court need not determine whether, as Samuels argues, the pendency of an appeal from the summary judgment order would deprive this court of jurisdiction over the present motion.

  [7] In addition, some of the counts placed in issue by the present motion, especially the claims under Chapter 93A, are completely outside the scope of the earlier order and therefore

b.    **Res Judicata**

Deutsche Bank and Argent move to dismiss Samuels' claims for relief against them on the basis of res judicata. Res judicata is an affirmative defense, requiring proof of facts that, in this instance, are not plead in the complaint—specifically, the prior judgment and the pleadings and rulings defining its scope. The necessity of such proof may sometimes require that judgment on the basis of res judicata be sought by motion for summary judgment instead of by motion to dismiss for failure to state a claim. However, res judicata may appropriately be asserted by motion to dismiss when two conditions are met. *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003). First, "the facts that establish the defense must be definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." *Id*. In this instance, where the earlier order was entered by this court and in this very bankruptcy case, the court may take judicial notice of the judgment, pleadings, and rulings. The relevant facts are therefore readily ascertainable. Second, "the facts so gleaned must conclusively establish the affirmative defense." *Id*. For the reasons set forth below, the court concludes that the facts so gleaned to conclusively establish the affirmative defense as to all claims against Deutsche Bank except only the claim for affirmative relief under G.L. c. 93A.

The order to which the movants would give preclusive effect is an order of this court, a federal court. Federal law therefore determines whether that order has preclusive effect. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). "[T]he elements of a res judicata defense are (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in

---

cannot, even under Samuels' theory, be the subject of the appeal.

8

the two actions." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d at 16; *Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F.2d 3, 6 (1st Cir. 1992). These elements must be satisfied as to each cause of action that the movants argue is precluded by the earlier judgment.

I begin with the claims asserted against Deutsche Bank. There can be no dispute here that the parties are identical: the earlier order adjudicated Samuels' objection to the claim of Deutsche Bank, and the present matter, too, involves Samuels and Deutsche Bank, the same parties. In addition, the order to which Deutsche Bank would give preclusive effect, an order overruling an objection and related challenges to its secured claim, is a final order. *In re Saco Local Development Corp.*, 711 F.2d 441, 448 (1st Cir.1983) (in determining the finality of an order in the bankruptcy context, as long as an order allowing a claim or priority effectively settles the amount due the creditor, the order is final).

That leaves only the identity of the claims: whether the causes of action asserted in the present proceedings are among those adjudicated, or deemed adjudicated, by the earlier judgment. Res judicata bars the relitigation of those issues that were raised in the previous action and of those that were not but could have been raised in that action. *Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F.2d at 6. Of the six distinct demands for relief/causes of action asserted against Deutsche Bank in the present proceeding, four were actually adjudicated in the context of the objection to claim: the counts (i) for disallowance of Deutsche Bank's claim and a declaration that its mortgage is void, (ii) for determination that the prepetition assignment "in blank" of the mortgage to Deutsche Bank is invalid; (iii) for avoidance of the postpetition assignment pursuant to 11 U.S.C. § 549;[8] and (iv) for damages for violation of the automatic

---

[8] In the earlier action the debtor argued that Deutsche Bank's claim should be denied because the postpetition transfer of the note and mortgage to Deutsche Bank was avoidable under 11 U.S.C. § 549(a) as an unauthorized postpetition transfer of property of the estate, but the debtor did not then actually move (or file a complaint) to avoid the alleged transfer on that basis. The court ruled that the transfer in question was not avoidable under § 549(a). In the present proceeding, Samuels goes beyond arguing that the transfer is avoidable by actually demanding its avoidance. However, the basis advanced is identical to that which was advanced and rejected earlier. The present demand was therefore actually adjudicated earlier.

9

stay.[9] Having been actually adjudicated in the earlier proceeding, they may not be relitigated in the present proceeding.

The earlier judgment also extinguishes all rights to remedies that, although not actually adjudicated, arose out of the same transaction or series of transactions as were the subject of the original proceeding and could have been raised and joined in that proceeding. *Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F.2d at 6-7. Samuels' fifth demand for relief in the present proceeding falls into that category. By this demand, she seeks a determination that if the prepetition assignment "in blank" is valid, the court should avoid it pursuant to 11 U.S.C. § 544 because it was unperfected as of the petition date. The assignment in blank of the mortgage was among the "transactions" that were the subject of the earlier proceeding. Samuels could as easily have interposed a § 544 avoidance defense against this transfer as she interposed a § 549 avoidance defense to the validity of the confirmatory assignment. This demand for relief is therefore barred by the earlier order.[10]

---

[9] In the earlier action, Samuels argued that the post-petition confirmatory assignment of the mortgage and related note from the earlier holder to Deutsche Bank was a transfer of property of the estate, and thus a violation of the automatic stay of 11 U.S.C. § 362(a), and consequently was void as a violation of § 362(a). The court ruled that, as a matter of law, a post-petition assignment of a mortgage and related note from one holder to another is not a transfer of property of the estate, does not violate the automatic stay, 11 U.S.C. § 362(a), and consequently is not void as a violation of § 362(a). In the present adversary proceeding, the debtor seeks an award of damages against Deutsche Bank "for violations of the automatic stay." This demand is not clearly linked to the specific facts on which it is predicated. However, among the factual allegations made in support of the claims against Deutsche Bank, the debtor indicates only one alleged violation of the automatic stay: "the Confirmatory Assignment of Mortgage recorded on August 11, 2008, is void because it was recorded in violation of the automatic stay provisions of 11 U.S.C. § 362(a)(4)." First Amended Complaint, ¶ 54. This recording is part of the same transfer that was the subject of the argument and decision on the objection to claim. In the earlier matter, the debtor sought only a determination that the recording and transfer were void and ineffective because in violation of the automatic stay; here the debtor seeks the additional relief of damages for the same violation. Insofar as both demands for relief rest on the same alleged violations of the stay—the postpetition confirmatory assignment and the recording thereof—the present demand for damages is foreclosed by the earlier ruling.

[10] In any event, in view of the already adjudicated validity of the confirmatory assignment, the challenge to the assignment in blank of the mortgage is simply moot. The confirmatory assignment corrected any deficiency in the earlier transfer attempt.

10

Samuels' last demand for relief against Deutsche Bank is for damages, attorney's fees, and costs pursuant to Massachusetts G.L. c. 93A. This demand was not made or actually adjudicated in the earlier proceeding. However, in this instance, the demand for relief is an affirmative demand for damages, not an objection to claim. An affirmative claim for relief is not one that a debtor in bankruptcy can normally assert in an objection to claim, at least not as an affirmative claim.[11] The local rules of this court at all relevant times have specified that "the procedures for motion practice and contested matters set forth in . . . FED. R. BANKR. P. 9014 . . . shall govern objections to claims." MLBR 3007-1(b). Rule 9014 in turn makes certain of the Federal Rules of Civil Procedure applicable to contested matters but, notably, not the rule making certain counterclaims compulsory, FED. R. CIV. P. 13(a). This counterclaim therefore could not have been raised in the claim proceeding; nor was Samuels obligated to assert it as a counterclaim. Therefore, this claim is not barred by the earlier order.[12] The Court concludes that res judicata precludes relitigation in this proceeding of all claims asserted against Deutsche Bank in the present proceeding with the sole exception of the claim under G.L. c. 93A.

### c.     Dismissal under Rule 12(b)(6) as to Deutsche Bank

In the alternative, Deutsche Bank seeks dismissal of the G.L. c. 93A count on the basis that the complaint fails to state a claim on which relief can be granted under that Massachusetts statute. The alleged unfair and deceptive act that is the subject of this count is unclear. In her complaint, Samuels alleges numerous facts and then, in conclusory fashion, asserts various

---

[11] FED. R. BANKR. P. 3007(b) states that "[a] party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." Rule 7001 specifies that "a proceeding to recover money or property" is an adversary proceeding. FED. R. BANKR. P. 7001. An affirmative claim for damages is a proceeding to recover money.

[12] Although she is not now precluded from bringing the this count as an independent claim, she is precluded from asserting it as an affirmative defense in the nature of setoff to the secured claim of Deutsche Bank. She was obligated to plead affirmative defenses in her objection to claim.

11

demands for relief, one of which is a demand under G.L. c. 93A.  It is impossible from the complaint to link this demand to the facts on which it is predicated.

To survive a motion to dismiss for failure to state a claim on which relief can be granted, the allegations in the complaint must establish "a plausible entitlement to relief" and may not rest on a wholly conclusory statement of a claim.  *Rodriquez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95-96 (1st Cir. 2007), citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1967, 167 L.Ed.2d 929 (2007).   Deutsche Bank contends that the complaint fails in two respects.

First, Deutsche Bank contends, Samuels has not satisfied the statutory prerequisite of mailing a written demand for relief to Deutsche Bank at least thirty days prior to the filing of her claim under Chapter 93A.  G.L. c. 93A, § 9(3).  According to Deutsche Bank, this prerequisite applies for demands made in any consumer action against a business entity, and the complaint does not allege that this debt is anything other than a consumer debt.  On the latter point Deutsche Bank is incorrect: at paragraph 56 , the complaint alleges that "Samuels took the mortgage loan [referring to the loan originally given to Argent Mortgage Company and later transferred to Deutsche Bank] in order to conduct a business or trade in that she did not intend to live in the property."  On the allegations of the complaint, this is not a consumer complaint. Deutsche Bank does not argue that the demand requirement applies in nonconsumer situations. The demand requirement in § 9(3) of chapter 93A does not apply to actions under § 11 of that chapter by persons engaged in trade or commerce.  *Kerlinsky v. Fidelity & Deposit Co. of Maryland*, 690 F.Supp. 1112, 1117 (D. Mass. 1987).  The lack of a demand letter therefore does not leave Samuels without a claim under § 11 of chapter 93A.[13]

Second, Deutsche Bank contends that Samuels' claim against her fails because, in

---

[13] Insofar as the Debtor may be relying on § 9, however, Deutsche Bank is correct that her complaint fails to allege the requisite demand, and therefore she is barred from proceeding under that section.

12

order to prevail under chapter 93A, she must show substantial injury from the acts complained of, but Samuels has not been harmed. A claim under § 11 of chapter 93 A does require a showing of substantial injury arising from the act complained of. *Industrial General Corp. v. Sequoia Pacific Systems Corp.*, 44 F.3d 40, 43 (1st Cir. 1995) ("a chapter 93A claimant must establish that the defendant's actions . . . resulted in substantial injury" (internal quotes omitted)). The complaint does not allege harm to Samuels. Indeed, it is difficult from her complaint even to determine which among the numerous allegations of the complaint form the basis for her claim under chapter 93A, making it difficult to know what kind of harm to look for or expect. Nor has she seen fit to file a response to the present motion in which she might have supplied missing details or enlightened the court as to the contours of her cause of action. It is not the court's job to guess and speculate as to the details of her claim. Lacking an allegation of harm and even a specification of the conduct that caused the harm, the court concludes that the complaint does not state a plausible claim for relief under § 11 of chapter 93A.

        d.        **Dismissal as to Argent's Proofs of Claim for Mootness**

The complaint asserts two demands for relief against Argent. The first arises from two proofs of secured claims that were filed on behalf of Argent in this bankruptcy case: the complaint asks that the claims be disallowed and that the mortgages securing them be declared void. The second arises from alleged unfair and/or deceptive acts, for which the complaint demands treble damages, attorneys fees, and costs under chapter 93A.

With respect to the demands concerning Argent's claims and the mortgages securing them, Argent argues that these are now moot because the claims and mortgages in question have been transferred to third parties. On the basis of matters of record in this case, of which the court may and does take judicial notice, I find that Argent is correct in asserting that the proofs of claim in question—which appear on the claims register in this case as numbers 3 and 6— have been transferred.

On September 29, 2008, and pursuant to F‍ED. R. B‍ANKR. P. 3001(e)(2), Citi Residential filed evidence—essentially a notice—of transfer of claim No. 3 (as amended) other than for security [Doc. # 396]. The notice indicated that Claim No. 3 was transferred from AMC Mortgage Services, Inc., as loan servicer for Argent, to Citi Residential, as loan servicer and attorney in fact for Deutsche Bank. The clerk promptly then notified AMC Mortgage Services, Inc. of the evidence of transfer and established a deadline for the alleged transferor to object, failing which the transferee would be substituted for the original claimant without further order of the court. AMC Mortgage Services, Inc. filed no objection, and the time to object has long since passed. By operation of F‍ED. R. B‍ANKR. P. 3001(e)(2) and the court's notice, the transferee has been substituted for Argent as the original claimant. Moreover, by the order overruling the Debtor's objection to the claim of Deutsche Bank, it is now preclusively established that Deutsche Bank is the holder or the note and mortgage that form the basis of the claim originally asserted as Claim No. 3 by Argent through AMC Mortgage Services.

With respect to Claim No. 6, which also was originally filed by AMC Mortgage Services, Inc., as loan servicer for Argent, evidence of the transfer of that claim to Home Vest Capital LLC was filed in the Samuels' bankruptcy case on March 19, 2007. On March 23, 2007, the clerk notified AMC Mortgage Services, Inc. of this evidence of transfer and established a deadline for the alleged transferor to object, failing which the transferee would be substituted for the original claimant without further order of the court. AMC Mortgage Services, Inc. filed no objection, and the time to object has long since passed. By operation of F‍ED. R. B‍ANKR. P. 3001(e)(2) and the court's notice, the transferee has been substituted for Argent as the original claimant.

For these reasons, Argent is no longer in any sense the Claim No. 3 or Claim No. 6 claimant or the holder of the notes and owner of the mortgages on which those claims are based. Samuels' demands for relief against Argent as to these claims and mortgages are moot.

e.      **Dismissal under Rule 12(b)(6) as to Argent**

Argent seeks dismissal of the G.L. c. 93A count on the basis that the complaint fails to state a claim on which relief can be granted.  With respect to Argent, the complaint is clear as to the alleged unfair and deceptive act that is the basis of the Chapter 93A count: that Argent, though an agent, filed two proofs of secured claim in this case for claims that, when the proofs of claim were filed, Argent no longer owned or held.[14]  Argent argues that this count fails to state a claim on which relief can be granted for the same two reasons as Deutsche Bank advanced: first, that the count is a consumer claim under § 9 for which a demand letter is required but not alleged; and second, that substantial damages are a necessary element but were not suffered and are not alleged.

The first ground is unavailing.  Samuels does not indicate that she served a demand letter on Argent, but neither is it apparent from the complaint that either loan was a consumer loan.  The complaint alleges that the two claims at issue and the mortgages securing them relate to the same property as secured the Deutsche Bank claim, 316B Essex Street.  The complaint recites that the Debtor took the mortgage loan at issue in Claim No. 3, the same loan as forms the basis of Deutsche Bank's claim, "in order to conduct a business or trade in that she did not intend to live in the property."  The complaint does not make a similar recitation as to the Claim No. 6 mortgage loan, and it does not necessarily follow from the fact that the two loans were secured by the same property that the Claim No. 6 loan did not serve a consumer purpose, but neither does the complaint give cause to conclude that the loan did not serve a commercial purpose.  If the Claim No. 6 loan served a commercial purpose, that fact would have to be established by evidence outside the complaint, which has not been offered.  In any event, the introduction of facts that are extrinsic to the complaint and not subject to judicial

---

[14] The record actually shows that Argent filed four proofs of claim, the originals of Claims No. 3 and No. 6, and amended copies of each.  For simplicity, the court will treat each original and its amendment as a single proof of claim.

15

notice is beyond the purpose of a Rule 12(b)(6) motion. A demand letter is necessary only as to consumer actions under § 9 of Chapter 93A. As the complaint alleges that the Claim No. 3 loan was not consumer in nature and is essentially silent as to the Claim No. 6 loan, the lack of a demand letter cannot be a basis for Rule 12(b)(6) dismissal.

In the alternative, Argent argues that substantial damages are a necessary element of Samuels' claim under chapter 93A but were not suffered and are not alleged. It is true, again, that the complaint does not allege that Samuels suffered damages from Argent's alleged filing of two false claims. However, in response to another motion to dismiss filed by another defendant as to the filing of the same false claims, Samuels has alleged that she was injured:

> Samuels has been injured, if only by incurring substantial legal fees in an effort to clarify and quantify her debt and determine who her real creditors are, which effort would have been unnecessary had Buchalter not filed false, or at least incorrect, Proofs of Claim.[15]

Thus Samuels has alleged injury in the form of attorney's fees, and this injury is not implausible. The motion to dismiss must be denied as to the claim against Argent under Chapter 93A.

---

[15] Objection by Plaintiff Gifty R. Samuels to Motion by Defendant Anderson, Brody, Buchalter, Nemer, PC ("Buchalter Nemer") to (1) Set Aside Default and (2) Dismiss to Complaint, filed March 31, 2010, at ¶ 36. Buchalter Nemer is a law firm that, in its capacity as counsel to AMC Mortgage Services, Inc. as servicer for Argent, filed the proofs of claim that are the basis of the Debtor's Chapter 93A claim against Argent. In a separate count in this adversary proceeding, the Debtor contends that these filings by Buchalter Nemer were violations by the firm of Chapter 93A for which she is entitled to damages. Buchalter Nemer moved to dismiss this count, in part on the basis that "the Debtor cannot show how the filing of these proofs of claim in 2006 in any way harmed her." Motion by Defendant Buchalter Nemer to (1) Set Aside Default and (2) Dismiss to Complaint, filed March 29, 2010, at ¶ 36.

**CONCLUSION**

In summary, the Court will allow the motion to dismiss as to all relief sought against Deutsche Bank and as to the demands against Argent that its claims be disallowed and that the mortgages securing them be declared void. The motion will be denied only as to the claim against Argent for violations of G.L. c. 93A.

Date: June 30, 2010

_____
Frank J. Bailey
United States Bankruptcy Judge